# In the United States Court of Federal Claims

No. 12-63T

(Filed: September 3, 2019)[1]

| | |
|---|---|
| TERRI L. STEFFEN and PAUL A. BILZERIAN, <br><br>　　　　　　　Plaintiffs, <br><br>v. <br><br>THE UNITED STATES, <br><br>　　　　　　　Defendant. | Motion to Dismiss; RCFC 12(b)(6); Income Tax Refund; Claim of Right; 26 U.S.C. § 1341 (2012). |

Terri L. Steffen and Paul A. Bilzerian, Basseterre, St. Kitts, pro se.

Margaret E. Sheer, Attorney of Record, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, and Mary M. Abate, Assistant Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

　　Before the court is defendant's motion to dismiss plaintiffs' second amended complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 104. In evaluating defendant's motion, the court considered: (1) plaintiffs' second amended complaint (complaint), ECF No. 85; (2) defendant's motion to dismiss, ECF No. 104; (3) plaintiffs' response, ECF No. 111; (4) plaintiffs' "verified reply to defendant's notice of correction," ECF No. 117; (5) defendant's corrected reply, ECF

---

[1]　This opinion was issued under seal on July 24, 2019. The parties were invited to identify confidential material subject to deletion on the basis that the material was protected or privileged. No redactions were proposed by the parties. Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

No. 119; and (6) plaintiffs' sur-reply, ECF No. 122. For the following reasons, defendant's motion to dismiss, pursuant to RCFC 12(b)(6), is **GRANTED**.

I. Background

In their complaint, plaintiffs, a married couple, seek a tax refund pursuant to 26 U.S.C. § 1341 (2012). See ECF No. 85 at 1. Specifically, plaintiffs allege that they paid taxes by way of jointly filed tax returns for the 1985 and 1986 tax years on income they were later ordered by the Securities and Exchange Commission (SEC) to disgorge. See id. at 1-2. The amounts involved are considerable. For tax year 1985, plaintiffs allege that they reported $2,681,106 of ordinary income, "which was money received under a claim of right related to profit earned in connection with the purchase and sale of 1,138,567 shares of Cluett, Peabody & Company . . . stock," and on which they paid $130,175 in taxes. For tax year 1986, plaintiffs allege that they reported $15,809,284 of ordinary income, "which was money received under a claim of right related to profit earned in connection with the purchase and sale of Hammermill Paper Company . . . stock," and on which they paid $5,009,631 in taxes. Id. at 2.

Plaintiffs' complaint also includes a refund claim for taxes paid for the 1987 tax year in each count, in an amount of $3,103,339, bringing the total claimed refund to $8,243,145. See id. at 3-4, 5-6. The complaint does not explain the origin of the income—it is not explicitly connected to either the Cluett or the Hammermill stock transactions. As such, it is not clear on what basis plaintiffs allege that the 1987 tax amount should be included in its claim for a refund pursuant to 26 U.S.C. § 1341.

Although plaintiffs allege two claims for relief—the first claiming entitlement to a refund of the funds outlined above on their 2001 taxes, and the second claiming entitlement to the same refund on their 2002 taxes—plaintiffs acknowledge that they cannot recover on both. In their response to defendant's motion to dismiss, they state: "Clearly, Plaintiffs are only entitled to one refund, but it is not entirely clear which year applies which is why refund claims were filed for both possible years." ECF No. 111 at 12.

Plaintiffs indicate, in both counts of the complaint, that their requests for a refund were prompted by an agreement between Terri Steffen and the SEC:

> On December 19, 2001, Steffen entered into an agreement to disgorge the Profits to the SEC ("SEC Agreement"), which had been included on Plaintiffs' 1985 and 1986 tax returns under a claim of right. . . . The SEC Agreement, which was filed in the DC Court under seal, provided that, "The amounts ordered to be disgorged and transferred under the Final Judgment were previously included by Ms. Steffen in her gross income because she

> believed she had an unrestricted right to such amounts. Under the terms set forth herein, Ms. Steffen shall repay these amounts that she had previously received under a claim of right.

ECF No. 85 at 3, 5. The United States District Court for the District of Columbia entered a final judgment by consent approving the agreement between Ms. Steffen and the SEC. Id.

"On February 1, 2010, the [Internal Revenue Service] Appeals Office rejected Plaintiffs' claim [to a refund] and informed them that they had a right to file an action for [a] refund in this Court within two years." Id. at 4, 6. Plaintiffs filed their original complaint in this court on January 31, 2012. See ECF No. 1.

II.  Legal Standards

    A.  Pro Se Litigants

The court acknowledges that plaintiffs are proceeding pro se, and are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiffs' other filings thoroughly to discern all of plaintiffs' claims and legal arguments.

    B.  Dismissal under RCFC 12(b)(6)

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

III.  Analysis

    A.  Plaintiffs' Complaint Fails to State a Claim

The statute pursuant to which plaintiffs claim entitlement to a refund, 26 U.S.C. § 1341, titled "Computation of tax where taxpayer restores substantial amount held under claim of right," reads, in relevant part:

    (a)    General rule.

        If—

        (1)    an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

        (2)    a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and

        (3)    the amount of such deduction exceeds $3,000,

then the tax imposed by this chapter for the taxable year shall be the lesser of the following:

        (4)    the tax for the taxable year computed with such deduction; or

        (5)    an amount equal to—

            (A)    the tax for the taxable year computed without such deduction, minus

            (B)    the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

(b) Special rules.

> (1)   If the decrease in tax ascertained under subsection (a)(5)(B) exceeds the tax imposed by this chapter for the taxable year (computed without the deduction) such excess shall be considered to be a payment of tax on the last day prescribed by law for the payment of tax for the taxable year, and shall be refunded or credited in the same manner as if it were an overpayment for such taxable year.

26 U.S.C. § 1341(a)-(b)(1). Relief may be granted under this statute "to a taxpayer who in one tax year includes an item as gross income and pays tax on that income, and then in a subsequent year is compelled to return the item, and thus to pay back the previously reported income or a portion thereof." Griffiths v. United States, 54 Fed. Cl. 198, 201 (2002).

According to the United States Court of Appeals for the Federal Circuit:

> A taxpayer qualifies for favorable treatment under § 1341 if (1) an item was included in the taxpayer's gross income in a prior year, see § 1341(a)(1); (2) it appeared that the taxpayer had an unrestricted right to the item in the prior year, see § 1341(a)(1); and (3) the taxpayer is entitled to a deduction (in excess of $3,000) under another section of the Internal Revenue Code for the loss resulting from the payment of the item to another in the current tax year, see § 1341(a)(2).

Culley v. United States, 222 F.3d 1331, 1334-35 (Fed. Cir. 2000) (citations omitted) (emphasis added). See also United States v. Skelly Oil Co., 394 U.S. 678, 683 (1969) (noting that applying 26 U.S.C. § 1341 requires reference "to other portions of the Code to discover how much of a deduction is allowable"); Nacchio v. United States, 824 F.3d 1370, 1374 (Fed. Cir. 2016), cert. denied, 137 S. Ct. 2239 (2017) ("As a prerequisite to relief under § 1341, the taxpayer must also establish that he is "entitled to a deduction (in excess of $3,000) under another section of the Internal Revenue Code for the loss.") (quoting Culley, 222 F.3d at 1335); Griffiths, 54 Fed. Cl. at 202 ("Section 1341 does not independently create a deduction.") (citation omitted); 26 C.F.R. § 1.1341-1(a)(1) ("If, during the taxable year, the taxpayer is entitled under other provisions of chapter 1 of the Internal Revenue Code of 1954 to a deduction of more than $3,000 because of the restoration to another of an item which was included in the taxpayer's gross income for a prior taxable year (or years) under a claim of right, the tax imposed by chapter 1 of the Internal Revenue Code of 1954 for the taxable year shall be the tax provided in paragraph (b) of this section.") (emphasis added).

With regard to the requirement that the taxpayer demonstrate the appearance of an unrestricted right, the Federal Circuit has held that:

5

> When a taxpayer knowingly obtains funds as the result of fraudulent action, it simply cannot appear from the facts known to him at the time that he has a legitimate, unrestricted claim to the money. When committing an intentional wrong, a taxpayer must be prepared for the eventuality of being discovered and being held liable for repayment in the form of restitution, disgorgement, civil or criminal penalties, or the like. A taxpayer's illicit hope that his intentional wrongdoing will go undetected cannot create the appearance of an unrestricted right.

Culley, 222 F.3d at 1335-36 (citations omitted); see also Nacchio, 824 F.3d at 1374.

In its motion to dismiss, defendant alleges that plaintiffs cannot state a claim for relief, and that the complaint should be dismissed pursuant to RCFC 12(b)(6). See ECF No. 104. The argument proceeds in two parts. Defendant contends first, that Paul Bilzerian is ineligible for the relief provided by 26 U.S.C. § 1341 due to his criminal fraud convictions, and that Ms. Steffen has no independent right to the refund. Id. at 29-38. Second, defendant asserts that even if Ms. Steffen does have an independent right to a refund, she is collaterally estopped from asserting that claim on the basis of prior proceedings. Id. at 38-45. While defendant's arguments may have merit, defendant fails to address the threshold issue that plaintiffs did not plead the necessary elements of their claim.

In the complaint, plaintiffs allege their right to "a tax refund pursuant to 26 [U.S.C.] § 1341,"[2] and allege the court's jurisdiction "under 28 U.S.C. § 1491(a)(1)." Plaintiffs invoke no other statutes, and they present no additional substantive basis to justify any part of the refund they seek. This pleading is, on its face, insufficient to state a claim pursuant to 26 U.S.C. § 1341. As noted above, the Supreme Court of the United States, the Federal Circuit, and this court have all held that a claim made under § 1341 must be premised on, or made in reference to, "other portions of the Code to discover how much of a deduction is allowable." Skelly Oil, 394 U.S. at 683. See also Nacchio, 824 F.3d at 1370; Culley, 222 F.3d at 1334-35; Griffiths, 54 Fed. Cl. at 202. Absent an allegation of the source of the deduction plaintiffs seek, the court cannot provide a legal

---

[2] The complaint does not make allegations specific to a particular subsection of § 1341. The attachments to the complaint, however, variously refer to § 1341(b)(1), see, e.g., ECF No. 85 at 11, 16; § 1341(a)(4), see, e.g., id. at 3; and § 1341(a)(5), see, e.g., id. at 32, as the relevant parts of the statute. The text of the statute unambiguously states that these sections only operate after the requirements of § 1341(a)(1)-(3) are met. As such, the inconsistent statutory citations do not affect the present analysis. This reading of the statute is consistent with the Federal Circuit's decision in Culley v. United States, 222 F.3d 1331 (Fed. Cir. 2000). In Culley, the appellant sought a deduction calculated under § 1341(a)(5), and the Court's analysis started by reviewing whether the appellant had satisfied the requirements of § 1341(a)(1)-(3). See Culley, 222 F.3d at 1334-35.

6

remedy. As such, the court must dismiss the complaint for failure to state a claim upon which relief can be granted.

### B. No Amendment Is Warranted

The court has considered allowing plaintiffs to amend their complaint for a third time, but for three reason has determined that allowing an amendment in this case is not in the interests of justice, as contemplated by RCFC 15(a)(2) (freely allowing amendment as "justice so requires"). First, plaintiffs acknowledge in their complaint that in order for a taxpayer to pursue a recovery under § 1341, certain requirements must be met. Among those, as stated by plaintiffs, is the requirement that "the payments were deductible." ECF No. 85 at 4. Because plaintiffs have not alleged the right to a specific deduction, they have failed to meet the standard they recite in their own complaint.

In addition, as defendant ably outlines in its motion to dismiss, plaintiffs have been involved in litigation based on the underlying facts of this case, in multiple jurisdictions, for more than thirty years. See ECF No. 104 at 16-25. Even though they are proceeding pro se, plaintiffs are not legal novices. And plaintiffs have had multiple chances to plead a proper claim in the context of this case—they have filed their original complaint, ECF No. 1, and two amended complaints, ECF Nos. 7 and 85.

Finally, although defendant does not explicitly argue for dismissal because of plaintiffs' failure to plead the substantive basis of their claims, defendant does explain the relevant requirement in its motion to dismiss: "Section 1341 is computational—it does not bestow substantive rights upon a taxpayer. Rather, a taxpayer must also show that he is otherwise entitled to a deduction under the Internal Revenue Code." ECF No. 104 at 28 (citing case law for this proposition). Despite this clear statement of law, plaintiffs did not address the deficiency in any of the subsequent three briefs they filed. See ECF Nos. 111, 117, and 122.

Because plaintiffs were aware of the relevant standard, have had multiple opportunities to revise their complaint, and failed to address the deficiency in response to defendant's motion to dismiss, the court will not permit further amendments in this case.

### IV. Conclusion

Accordingly, defendant's motion to dismiss plaintiffs' second amended complaint pursuant to RCFC 12(b)(6), ECF No. 104, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiffs' second amended complaint, with prejudice.

In addition, on or before **August 30, 2019**, the parties shall **CONFER** and **FILE** a **redacted version** of this opinion, with any material deemed protected marked out and enclosed in brackets, so that a version of the opinion can be made available in the public record of this matter.

IT IS SO ORDERED.

/s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH,
Judge