# In the United States Court of Federal Claims

No. 12-63T

(Filed: February 19, 2020)[1]

| | |
|---|---|
| TERRI L. STEFFEN and PAUL A. BILZERIAN,<br><br>                Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>                Defendant. | Motion for Reconsideration; RCFC 59(a)(1). |

Terri L. Steffen and Paul A. Bilzerian, Basseterre, St. Kitts, pro se.

Margaret E. Sheer, Attorney of Record, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, and Mary M. Abate, Assistant Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

      On July 24, 2019, this court granted defendant's motion dismissing plaintiffs' complaint in this case for failure to state a claim upon which relief can be granted. See ECF No. 124 (sealed opinion), ECF No. 129 (public opinion).[2] In its opinion, the court also considered allowing plaintiffs to amend the complaint, but determined that no amendment was warranted. See ECF No. 129 at 6-7. On August 20, 2019, plaintiffs filed a motion for reconsideration, pursuant to Rule 59(a)(1) of the Rules of the United

---

[1] This opinion was issued under seal on January 6, 2020. The parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. No redactions were proposed by the parties. Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

[2] The court cites to the public version of its previous decision in this opinion.

States Court of Federal Claims (RCFC), and sought leave to file a third amended complaint, ECF No. 126. Defendant filed a response opposing the motion, ECF No. 132. And with leave of court, plaintiffs filed a reply in support of their motion, ECF No. 135. For the following reasons, plaintiffs' motion for reconsideration and their request to file a third amended complaint are **DENIED**.

I.  Background[3]

The court previously concluded that plaintiffs' second amended complaint, seeking a tax refund pursuant to 26 U.S.C. § 1341 (2012), failed to state a claim upon which relief could be granted, and should be dismissed. See ECF No. 129. Therein, the court made two findings. First, the court found that plaintiffs failed to allege a substantive basis for their tax refund claims as required pursuant to 26 U.S.C. § 1341. See id. at 3-6. And second, the court "considered allowing plaintiffs to amend their complaint for a third time," but determined that "allowing an amendment in this case is not in the interests of justice as contemplated by RCFC 15(a)(2)." Id. at 7. The court explained that "[b]ecause plaintiffs were aware of the relevant [pleading] standard [pursuant to 26 U.S.C. § 1341], have had multiple opportunities to revise their complaint, and failed to address the deficiency in response to defendant's motion to dismiss, the court will not permit further amendments in this case." Id.

Plaintiffs now move for reconsideration of the court's July 24, 2019 decision and seek to file a third amended complaint. See ECF No. 126.

II.  Legal Standards

Rule 59(a) governs a motion for reconsideration, and provides that rehearing or reconsideration may be granted: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Motions for reconsideration must be supported "by a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d

---

[3]  The court explained the relevant facts underlying plaintiffs' complaint in its opinion dismissing the case. See ECF No. 129. In order to focus on plaintiffs' presently pending motion, those facts are not repeated here.

2

1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)). Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.   Analysis

    A.   Motion for Reconsideration

In their motion for reconsideration, plaintiffs insist that they sufficiently alleged a substantive basis for recovery pursuant to 26 U.S.C. § 1341 in their second amended complaint, and that the court should not have granted defendant's motion to dismiss. They claim:

> Exhibits 1 and 2 to the Complaint state in several sections that the income being disgorged for each of the 1985 and 1986 tax years was a deduction in the taxpayer's "Trade or Business." Although the Internal Revenue Code [(IRC)] sections were not specified, it could certainly be reasonably inferred that the deductions were taken as an expense under IRC Section 162 and/or as a loss under Section 165.

ECF No. 126 at 6-7. In light of their pro se status, plaintiffs contend, "one could argue that the Complaint was sufficient." Id. at 7. Plaintiffs do acknowledge, however, "that the Complaint could be improved," and they attach a proposed third amended complaint "that clearly includes allegations with respect [to] specific deductions under IRC Sections 162 and 165." Id. On this basis, plaintiffs "ask the Court to vacate its Opinion and Judgment and grant Plaintiffs' Motion for Leave to File a Third Amended Complaint." Id.

Plaintiffs clearly do not claim that there has been an intervening change in controlling law, that they have discovered any new evidence that would affect the court's analysis, or that the court made a clear legal or factual error in its previous opinion. Biery, 818 F.3d at 711. The court assumes, then, that plaintiffs mean to argue that dismissing the second amended complaint for failure to state a claim works a manifest injustice. Id. The court disagrees.

The exhibits to plaintiffs' second amended complaint are thirty-one pages in length and are comprised mainly of tax forms and spreadsheets. See ECF No. 85 at 10-41. Plaintiffs do not cite to specific pages on which the words "trade or business" are used, but it appears to the court that they are referring to a single line, that appears on two pages, and reads "§1341 Claim of Right Deduction (Trade or Business)." Id. at 31, 32. The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading, Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987), and that pro se plaintiffs are entitled to a liberal construction of their pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972). But even a liberal construction of plaintiffs' second amended complaint, cannot supply information that is not included therein. The IRC is a vast and complex set of statutes, many of which necessarily touch in some way on aspects of trade or business. The court finds that the two passing references to "trade or business" in the exhibits to the second amended complaint were an insufficient basis from which the court could infer the identity of the substantive deduction that plaintiffs intended to claim. The court's failure to do so was, therefore, not manifestly unjust. As such, plaintiff's motion for reconsideration is denied.

B.   Request for Leave to File a Third Amended Complaint

Plaintiffs also seek permission to file a third amended complaint as part of their motion for reconsideration.[4] See ECF No. 126 at 7-10. There is some discussion by the parties as to whether this part of plaintiffs' motion should be evaluated under RCFC 15, which governs motions to file amended pleadings, or under RCFC 59, which governs motions for reconsideration. See ECF No. 126 at 2-3; ECF No. 132 at 12-15 (citing cases to illustrate a circuit split as to the legal standard applied to "motion[s] for reconsideration [that] incorporate[ ] a request to amend the pleadings after judgment" and stating that "the Federal Circuit has not determined the applicable standard," ECF No. 132 at 13).

According to defendant, the court "need not address the question of the as-yet undecided Federal Circuit standard, however, because plaintiffs fail to meet even Rule 15(a)(2)'s more liberal standard." ECF No. 132 at 13. In the court's view, defendant is correct that it need not address any split with regard to the proper standard, but for a different reason. Here, the court has already denied plaintiffs an opportunity to file a third amended complaint. See ECF No. 129 at 6-7. As such, plaintiffs' present request to do so is properly viewed as a request for the court to reconsider that previous decision, rather than as a motion for leave to file an amended complaint presented for the first time at this late, post-judgment stage. Indeed, plaintiffs invite such reconsideration by arguing that "The Court Was Mistaken When it Failed to Allow the Complaint to be Amended."

---

[4]   The court notes that, to ensure proper docketing and case management, compound motions are not generally permitted. In this instance, given plaintiffs' pro se status, the court will rule on the motions as filed.

ECF No. 126 at 7-9. The court will, therefore, evaluate plaintiffs' request to file a third amended complaint as a motion to reconsider the court's previous denial of leave to do so.

As explained above, in order to justify reconsideration of the court's previous ruling, plaintiffs must show that "'there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery, 818 F.3d at 711 (quoting Young, 94 Fed. Cl. at 674). The only potential factual error identified by plaintiffs is their disagreement with the court's statement that "[e]ven though they are proceeding pro se, plaintiffs are not legal novices," based on its observation that "plaintiffs have been involved in litigation based on the underlying facts of this case, in multiple jurisdictions, for more than thirty years." ECF No. 129 at 7. Plaintiffs state that "Terri Steffen is indeed a novice with no legal training and no legal skills." ECF No. 126 at 8. The court sees no value in attempting to resolve a dispute over the precise meaning of the term "legal novice." As stated in its previous opinion, despite its observation of plaintiffs' protracted involvement with the legal system, the court gave proper and deliberate consideration to the fact that plaintiffs were proceeding pro se. See ECF No. 129 at 3 (stating that in light of the more lenient standard applied to pro se pleadings, "the court has examined the complaint and plaintiffs' other filings thoroughly to discern all of plaintiffs' claims and legal argument"). As such, any legal experience plaintiffs may have was not a decisive factor in the court's prior decision.

Beyond this disagreement, plaintiffs' only argument that the court should permit a third amended complaint is predicated on the fact that defendant did not address, in its motion to dismiss, the pleading deficiency that formed the basis of the court's decision. See ECF No. 126 at 9. The court noted in its opinion dismissing the second amended complaint that "defendant fails to address the threshold issue that plaintiffs did not plead the necessary elements of their claim." ECF No. 129 at 6. Plaintiffs contend that "it was challenging enough for the pro se plaintiffs to address the actual grounds for the Motion to Dismiss without being expected to anticipate and address grounds not even raised in the motion or its subsequent filings." ECF No. 126 at 9.

The court reads this argument as an attempt to establish that a failure to reconsider the previous ruling would work a manifest injustice, but declines to credit the same for two reasons. First, as the court noted in its previous decision, plaintiffs were aware of the very pleading requirement they failed to meet. The court explained:

> [P]laintiffs acknowledge in their complaint that in order for a taxpayer to pursue a recovery under § 1341, certain requirements must be met. Among those, as stated by plaintiffs, is the requirement that "the payments were deductible." ECF No. 85 at 4. Because plaintiffs have not alleged the right

5

to a specific deduction, they have failed to meet the standard they recite in their own complaint.

ECF No. 129 at 7. And second, plaintiffs' pleading requirements to state a claim upon which relief can be granted are in no way dependent on, or determined by, the content of defendant's motion to dismiss. Plaintiffs are conflating two entirely separate issues.

Because the plaintiffs were aware of the pleading standards for a claim made pursuant to section 1341 and still failed to meet them, even under a liberal construction of their pleading, the court's dismissal of the second amended complaint was not manifestly unjust. Plaintiff's motion for reconsideration of the court's denial to allow amendment is, therefore, denied.

IV. Conclusion

Accordingly, for the reasons stated above, plaintiffs' "motion for reconsideration and for leave to file a third amended complaint," ECF No. 126, is **DENIED**.

In addition, on or before **January 31, 2020**, the parties shall **CONFER** and **FILE** a **redacted version** of this opinion, with any material deemed protected marked out and enclosed in brackets, so that a version of the opinion can be made available in the public record of this matter.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH,
Judge